UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

NOV 14 2005

TEMPUR WORLD, LLC, TEMPUR-PEDIC, INC.,
and DAN FOAM A/S,

Case No. 5:05-478-JMH

        Plaintiffs,

vs.

SELECT COMFORT CORP.,

        Defendant.

## COMPLAINT

Plaintiffs, by their attorneys, state as and for the complaint against Defendant:

### I. NATURE AND STATUTORY BASIS OF ACTION

1.    This is an action for false advertising, trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125, and under Kentucky law.

### II. PARTIES

2.    Plaintiff Tempur World LLC is a Delaware corporation located at 1713 Jaggie Fox Way, Lexington, Kentucky 40511 and is the parent company of Tempur-Pedic, Inc.

3.    Plaintiff Tempur-Pedic, Inc. is a Kentucky corporation located at 1713 Jaggie Fox Way, Lexington, Kentucky 40511 and is a wholly-owned subsidiary of Plaintiff Tempur World. Said Plaintiffs are in the business of selling mattresses, cushions, pillows and other products made of visco-elastic foam and related goods.

4.    Plaintiff Dan Foam A/S is a Denmark corporation located at Homeland 43, DK-5560, Aarup Fyn, Denmark and is a wholly-owned subsidiary of Plaintiff Tempur World. Dan Foam and Tempur-Pedic cooperate in the selling of visco-elastic foam products, and their

activities are controlled by Tempur World by virtue of their parent-subsidiary relationship. All plaintiffs are collectively referred to hereafter as "Tempur-Pedic" unless the context indicates otherwise.

5. Defendant Select Comfort Corp is, on information and belief, a Minnesota Corporation located at 6105 Trenton Lane North, Minneapolis, Minnesota 55442. Upon further information and belief, the Defendant operates websites including www.selectcomfort.com.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338, and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), in that Select Comfort actively does business in Lexington, Kentucky.

### IV. FACTS

7. Tempur-Pedic markets mattresses, cushions and furniture pads that are made of a proprietary elastic viscous foam developed by Fagerdala World Foams AB, a Swedish corporation, using a proprietary formula and process, which has been extensively tested in Sweden. NASA originally developed the material, in a different form, and Fagerdala tested and refined the material to make it suitable for the consumer products Tempur-Pedic sells. Tempur-Pedic has expended tremendous time, effort, and money in developing and testing this proprietary foam. Tempur-Pedic products are of extremely high quality. Tempur-Pedic has expended substantial time, effort, and money in advertising and promoting these unique products. As a result, the purchasing public and the trade recognizes Tempur-Pedic as the source of high-quality therapeutic mattresses, pillows, pad, cushions, and related goods.

8. Tempur-Pedic markets its goods through extensive advertising in trade publications and magazines of general circulation, as well as through Tempur-Pedic authorized

retailers, sales associates and employees throughout the United States. Tempur-Pedic products have been featured on NBC's <u>Dateline NBC</u> in a segment entitled, "Dateline Discovery." In addition, in May 1998, Tempur-Pedic received an award from NASA in recognition of its achievement in bringing NASA technology to consumer products.

9. Tempur-Pedic has a website where it advertises its products and services and also displays information about the company and its products and services. This website is accessible through the domain name, www.tempurpedic.com.

10. As a result of the widespread promotion of the Tempur-Pedic name and Tempur-Pedic products, Tempur-Pedic is famous and well-known as a leader in the bedding industry and leading seller of viscoelastic foam bedding products. As part of its promotions and prior to the acts of Defendant complained of herein, Tempur-Pedic has been using the mark CHANGING THE WAY THE WORLD SLEEPS and has developed substantial goodwill and recognition in this mark.

11. Upon information and belief, Defendant sells mattresses, pillows, cushions, pads, and related products that directly compete with Tempur-Pedic.

12. Without the authorization of Tempur-Pedic, Defendant uses the phrase "changing the way you sleep" prominently on or in connection with the sale of its goods. This phrase is substantially similar to Tempur-Pedic's mark CHANGING THE WAY THE WORLD SLEEPS, and Defendant's use of the phrase is likely to mislead customers into believing that defendant's products originate with, or are sponsored or affiliated with Tempur-Pedic.

13. Defendant is using false, misleading and unsubstantiated advertising claims on its website and retail advertising elsewhere in an effort to divert business from Tempur-Pedic and mislead consumers. Specifically, these claims appear on a chart displayed on Defendant's

website (see <u>Exhibit A</u>) and on a similar chart distributed on flyers at Defendant's retail locations (see <u>Exhibit B</u>).  Each chart compares Defendant's mattress with a Tempur-Pedic mattress.

14.     Through use of the chart, Defendant is making false, misleading and unsubstantiated advertising claims about its products and Tempur-Pedic's products.  Specifically, Defendant uses the following advertising statements, among others, which are either false on their face, convey a false and misleading impression, or are lacking in prior substantiation as required by applicable advertising laws and regulations:

(a)     Defendant either falsely or without substantiation states that over three million satisfied customers sleep on its mattresses.

(b)     Defendant falsely states that Tempur-Pedic does not offer free shipping.

(c)     Defendant falsely states that Tempur-Pedic mattresses are not clinically proven to relieve back pain.

(d)     Defendant falsely and without substantiation states that Tempur-Pedic's foam mattresses can degrade or break down over time.

(e)     Defendant falsely implies that its mattresses do not contain foam that can degrade or breakdown over time.

(f)     Defendant falsely and without substantiation states that its mattresses have less severe pressure points than Tempur-Pedic's mattresses.

(g)     Defendant falsely implies that its assembled mattresses are lightweight, easy to carry and move through tight spaces.

(h)     Defendant falsely states that Tempur-Pedic's products fail to pass a 20-year life test.

(i)     Defendant falsely and without substantiation states that Tempur-Pedic's mattresses create a "stuck feeling".

(j)     Defendant falsely states the starting price for Tempur-Pedic mattresses.

16.  Defendant's misrepresentations and false advertising are material and likely to influence consumers' purchasing decisions. They are likely to deceive and, upon information and belief, have deceived a substantial segment of consumers and potential customers.

17.  As part of its website comparison advertising, Defended also uses a Tempur-Pedic photograph, specifically the image of a foam mattress, without Tempur-Pedic's authorization and in violation of United States copyright laws.

18.  Defendant has actual knowledge of the falsity and misleading nature of its advertising claims as well as its trademark and copyright infringement. Tempur-Pedic has complained about Defendant's conduct and demanded that Defendant cease and desist such conduct, but Defendant has willfully continued to engage in the conduct, including advertising that violates the standards of honesty and fair play required by applicable laws. The result has been irreparable harm to Tempur-Pedic's reputation and goodwill and actual deception of and damage to consumers.

19.  No monetary remedy would be adequate to fully compensate Tempur-Pedic for all the injury Defendant's false, misleading and unsubstantiated advertising claims have caused and will cause to Tempur-Pedic's reputation, goodwill and sales.

20.  Tempur-Pedic has suffered and will continue to suffer monetary damages as a result of Defendant's wrongful acts in an amount dependent upon how quickly Defendant's wrongful acts are stopped, and the extent of the equitable remedies ordered by the Court.

21. Defendant's acts complained of herein were committed and are being committed willfully.

## COUNT ONE
## FEDERAL UNFAIR COMPETITION

22. Plaintiffs reallege each and every allegation of paragraphs 1 through 21 as though fully set forth herein.

23. The acts of Defendant complained of herein constitute a violation of 15 U.S.C. §1125 (a).

## COUNT TWO
## FEDERAL FALSE ADVERTISING

24. Plaintiffs reallege each and every allegation of paragraphs 1 through 23 as though fully set forth herein.

25. The acts of Defendant complained of herein constitute false advertising under 15 U.S.C. § 1125 (a)(l)(B).

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION

26. Plaintiffs reallege each and every allegation of paragraphs 1 through 25 as though fully set forth herein.

27. The acts of Defendant complained of herein constitute common law trademark infringement and unfair competition in violation of the laws of the State of Kentucky and the laws of the several states.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. A permanent injunction against Defendant and its servants, agents, employees, successors and assigns, and all persons acting in concert with them, enjoining them from:

   (a) using in any manner:

        (i)      the phrase "changing the way you sleep"; or

        (ii)     any colorable imitation of the Tempur-Pedic trademark CHANGING THE WAY THE WORLD SLEEPS on or in connection with any unauthorized goods or services;

(b) disseminating, using or distributing any advertising or promotional materials, electronic or otherwise:

        (i)      that contain the unauthorized use of any Tempur-Pedic trademark or any colorable imitations thereof; or

        (ii)     that state or imply that Defendant is connected to Tempur-Pedic;

(c) using any Tempur-Pedic trademarks or any colorable imitation thereof in any other manner likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's goods or services;

(d) holding themselves and/or any business they are connected with out to the public as being authorized by Plaintiffs or as being affiliated with or sponsored by Plaintiffs in any manner or committing any acts likely to imply such a relationship or affiliation;

(e) using or disseminating any false or misleading statements as to the nature, quality or characteristics of Plaintiff's goods and services;

(f) using or disseminating any false or misleading statements as to the nature, quality, or characteristics of Defendant's goods and services.

2. Requiring Defendant to deliver up to Plaintiffs for destruction all goods, signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, and any other written or printed material in their possession or under their control which bear any Tempur-Pedic trademark, or any colorable imitation thereof or any mark confusingly similar

thereto or which contain any false or misleading representation of fact and any plates, molds and other means of making the same;

3. Requiring Defendant to destroy all promotional materials containing false and/or misleading statements and to correct such statements.

4. Requiring an accounting of profits made by Defendant as a result of the acts complained of herein;

5. Awarding damages sustained by Plaintiffs as a result of the acts complained of herein, to be trebled in accordance with 15 U.S.C. § 1117;

6. Awarding Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1117;

7. Awarding Plaintiffs' punitive damages for Defendant's continued, intentional, and egregious deception of consumers and violation of Tempur-Pedic's rights; and

8. Awarding Plaintiffs interest, costs, and such other relief as the court may deem just and equitable.

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 14 day of November, 2005.

By: _____
Barry D. Hunter, Esq.
Frost Brown Todd, LLC
250 West Main Street
Suite 2700
Lexington, KY 40507
Tel.: (859) 231-0000
Fax: (859) 231-0011

- 9 -

and

Katherine W. Schill, SBN 1025887 (not yet admitted)
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108

Attorneys for Plaintiffs
Tempur World, LLC, Tempur-Pedic, Inc., and Dan Foam A/S

X:\clientb\070163\9085\A1367093.1

LEXLibrary TMP.TMP 281377v.1